"Electronically Filed"
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN**
150 West State Street
Trenton, New Jersey 08608
Tel.: (609) 392-8172
Fax: (609-392-8933
rfriedman@zazzali-law.com
aodriscoll@zazzali-law.com
fkomuves@zazzali-law.com
Attorneys for Plaintiff

RECEIVED

JUN 22 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| NEW JERSEY EDUCATION ASSOCIATION,<br><br>        Plaintiff<br><br>            v.<br><br>THE STATE OF NEW JERSEY; CHRIS CHRISTIE, individually and as Governor of the State of New Jersey; NEW JERSEY STATE CAPITOL JOINT MANAGEMENT COMISSION; RICHARD H. BAGGER, individually and as Chair of the New Jersey State Capitol Joint Management Commission; NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, OFFICE OF THE ATTORNEY GENERAL; NEW JERSEY STATE POLICE; RICK FUENTES, individually and as Superintendent of the New Jersey State Police; JOHN AND JANE DOE 1-20,<br><br>        Defendants | CIVIL ACTION<br><br>Docket No.<br>Civ. A. No. _____<br><br><br>**VERIFIED COMPLAINT IN SUPPORT OF TEMPORARY RESTRAINING ORDER COMPELLING THE STATE OF NEW JERSEY, DIVISION OF STATE POLICE TO PERMIT OVERNIGHT CAMPING BEHIND THE STATE CAPITOL BUILDING** |

PLAINTIFF, New Jersey Education Association, with its principal offices at 180 West State Street, Trenton, New Jersey 08607, by way of Verified Complaint against the Defendants, alleges and says:

103919.doc                                                  1

## INTRODUCTION

1.  This is an action to vindicate the free-speech and free-expression rights of plaintiff New Jersey Education Association ("NJEA"). The rights of public employees generally, and the NJEA and its members specifically, have been under continuous and multiple attacks from the executive and legislative branches of New Jersey government. In response, the NJEA applied for a permit to use Stacy Park, a State owned public park located in back of the New Jersey State House, for purposes of maintaining an around-the-clock presence in response to these attacks, and to communicate its messages to members of the public and the government. Photographs of the area of Stacy Park that the NJEA contemplates using are attached hereto as **Exhibit A**. The DEFENDANTS, in an unprecedented decision, denied the permit insofar as it sought to maintain an around-the-clock presence, for wholly spurious and unlawful reasons. NJEA brings this action to challenge this decision.

## JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction of the NJEA's claims pursuant to 28 U.S.C. § 1331, 1343 and 1367.

3.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all defendants reside in New Jersey and substantially all of the events or omissions giving rise to the claim occurred in New Jersey.

## PARTIES

4.  Plaintiff, NEW JERSEY EDCUATION ASSOCIATION ("NJEA"), represents over 204,000 active and retired teachers, professors, teachers assistants, aides, secretaries, security, transportation, custodial, cafeteria workers, and other public school employees, including but not limited to members of local education associations in 864 public school

districts throughout the State of New Jersey. Its goals include advancing and protecting the rights, benefits, and economic and noneconomic interests of its members and promoting a quality system of public education for all students by advancing and supporting policies that enhance and enrich public education.

5. Defendant STATE OF NEW JERSEY is a sovereign governmental entity and defendant CHRIS CHRISTIE is its governor, who is vested with executive responsibility for the operations and management of state government. Their business address is the State House, PO Box 001, Trenton, New Jersey 08625.

6. Defendant STATE CAPITOL JOINT MANAGEMENT COMISSION is an agency of State government which under N.J.S.A. 52:31-34 et seq., maintains custody of the State capitol complex, with exclusive jurisdiction with respect to its management and operation, including maintenance, repair, renovation, improvement, security, parking, and space utilization. Defendant RICHARD BAGGER is its chair. Its business address is the State House Annex, PO Box 68, Trenton, New Jersey 08625.

7. Defendant NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, OFFICE OF THE ATTORNEY GENERAL is a unit of state government charged with, among other things, enforcing state laws and regulations, including those laws and regulations governing the use of the Capitol Complex. Its business address is PO Box 80, Trenton, New Jersey 08625.

8. Defendant NEW JERSEY STATE POLICE is a unit of state government charged with, among other things, enforcing state laws and regulations, including those laws and regulations governing the use of the Capitol Complex. Its business address is PO Box 7068, West Trenton, New Jersey 08628. Its superintendent is defendant RICK FUENTES.

9. Defendants JOHN AND JANE DOE 1-20 represent individuals whose identity is presently unknown to NJEA who participated in or contributed to the denial of NJEA's rights herein complained of.

10. Each defendant acted under color of law in undertaking the actions described in this Complaint. Each defendant is sued in their individual and official capacity and had the authority to make the decisions complained on behalf of the State.

## FACTUAL ALLEGATIONS

11. On or about June 17, 2011, NJEA applied for a "Permit to Gather" on and around the State Capitol Complex, in accordance with the rules and regulations (the "State Capitol Rules") of Defendant STATE CAPITOL JOINT MANAGEMENT COMMISSION. The State Capitol Rules are attached hereto as **Exhibit B**.

12. The State Capitol Rules, among other things, expressly allow any person to "distribute any written or printed material, demonstrate, picket, make a speech, or hold a vigil or other ceremony" on State Capitol Grounds. Id., ¶ 2.

13. The State Capitol Rules require that the State Governmental Security Bureau, a unit of Defendant NEW JERSEY STATE POLICE, "shall issue a permit" to any person applying for same when a proper and timely application is made therefor. Id., ¶ 4.

14. The State Capitol Rules allow a permit to be conditioned on the applicants providing marshals, bathroom facilities, and litter removal personnel. Although permits "shall issue," an issued permit may be canceled when the gathering permitted by the permit demonstrably interferes with the conduct of business on State Capitol grounds, endangers the health or safety of the applicant, is not being conducted in accordance with the conditions authorized in the permit, or in the event of an "emergency." Id., ¶¶ 7, 13.

15.     Of note, the State Capitol rules are completely silent on the issue of overnight or after-hours use of the State Capitol grounds; indeed, they contain no time restrictions whatsoever. Moreover, they expressly contemplate that a gathering on State Capitol grounds may include the use of displays, supplies, and equipment necessary for the gathering. Id., ¶ 5.

16.     In applying for the permit, NJEA sought, inter alia, a permit to have invited guests at an overnight campsite in Stacy Park, who would remain there overnight in closed tents. NJEA expressly offered to reimburse the State for all necessary security costs, and provide for sanitary facilities, and to otherwise abide by, at its expense, any other reasonable conditions placed on the people remaining overnight. (See **Exhibit C** hereto). Moreover, NJEA also furnished to the State a copy of its proposed Rules and Regulations for the site, further evidencing their commitment to maintain an orderly, respectful presence in support of "working people, unions, and the right to collective bargaining." (See **Exhibit E** hereto).

17.     On the eve of June 17, 2011, DEFENDANTS denied the request to maintain a 24 hour camp site from June 17-June 23, 2011, and instead issued a permit allowing for the use of space from 7 a.m. to 7 p.m. from June 17-June 23, 2011 and disallowed "camping" or any overnight presence. (See **Exhibit D** hereto).

18.     On June 20, 2011, an appeal of that determination was made to Defendants' representative, the State Office of the Attorney General (See **Exhibit C** hereto).

19.     That request was similarly denied on wholly conclusory grounds, devoid of any specifics, that the proposed tent city would present law enforcement/public safety and resource concerns. (See **Exhibit C** hereto).

20.     On June 21, 2011, NJEA offered a substantially limited application, namely, that instead of the initial six days of overnight activity it was seeking, it would agree to one single

night, June 22 to June 23, for an overnight stay. That application was likewise rejected by DEFENDANTS, without any specific reason. (See **Exhibit C** hereto).

21. NJEA, whose headquarters building is a few hundred feet from the proposed site of their overnight activities, is unaware of any legitimate law enforcement or public safety issues that would preclude their activities, and none has been articulated to them. Moreover, given NJEA's offer to pay the costs, including security, associated with this event, there is no legitimate resource or security issue that should operate to bar this event.

22. In order to effectively communicate its message to the public and more particularly, to legislators and legislative staff, any protest site must be in the immediate vicinity of the State House, where legislators meet to transact business and can see and be seen by the protesters. Based on its knowledge of the immediate Trenton area, NJEA is not aware of any other alternative locations for this expressive activity and hence, it lacks ample alternatives for the communication of information.

23. As a public, governmentally-owned park, Stacy Park is a traditional public forum. DEFENDANTS' action in denying the requested permit impermissibly infringes on NJEA's right to free speech, free assembly, and free expression, and its right to petition government for the redress of grievances.

24. Absent appropriate declaratory and injunctive relief, NJEA is likely to suffer irreparable harm in the form of restrictions on its free speech and political rights, an injury for which there is no adequate remedy at law.

25. Pursuant to Loc. Civ. R. 65.1, there are good and sufficient reasons for NJEA to proceed by a procedure other than notice of motion. In particular, the New Jersey General Assembly has scheduled a vote for Thursday, June 23, 2011, to adopt pension and health benefit legislation that would impair the rights of NJEA and its members. If NJEA is not allowed to

engage in the expressive activity contemplated, it will be unable to fully communicate its opposition to this proposed legislation, which was the specific event that prompted the initial application.

## COUNT I

26. NJEA repeats and realleges the preceding paragraphs as if fully set forth herein.

27. DEFENDANTS' actions in prohibiting NJEA from engaging in protected free speech activity, including safely maintaining an overnight presence in an effort to protest the possible denial of their economic and noneconomic rights and interests, or otherwise engaging in other political activities, in a public park on the State House complex, violates the First Amendment of the United States Constitution, as applied to states and local governments by the Fourteenth Amendment to the United States Constitution.

28. Because DEFENDANTS' actions are a limitation on free speech rights, it is DEFENDANTS who bear the burden of proving the necessity of the actions at issue.

29. NJEA suffered damages due to the above actions and violations.

30. DEFENDANTS have deprived NJEA of its rights of free speech, free expression, and freedom of assembly, contrary to the First and Fourteenth Amendments of the United States Constitution, and the NJEA brings this action pursuant to and under 42 U.S.C. § 1983, to vindicate its rights thereunder.

## COUNT II

31. NJEA repeats and realleges the preceding paragraphs as if fully set forth herein.

32. DEFENDANTS' actions in prohibiting NJEA from engaging in protected free speech activity, including safely maintaining an overnight presence in an effort to protest the possible denial of their economic and noneconomic rights and interests, or otherwise engaging in

other political activities, in a public park on the State House complex, violates the NJEA's free speech rights under Article I, Paragraph 6 of the New Jersey Constitution.

33. NJEA suffered damages due to the above actions and violations.

### RELIEF REQUESTED

WHEREFORE, NJEA requests the following relief:

a. Preliminary and permanent injunctions enjoining DEFENDANTS and their employees, agents and assigns, from restricting or prohibiting NJEA or any other persons from engaging in free speech activity, including the hours between 7pm on June 22, 2011 through 7 pm on June 23, 2011, conducting a peaceable, overnight presence in a number not to exceed 50 people and the erection of closed tents in Stacy Park;

b. A declaration that the prohibition on expressive activity in the public forums adjacent to and near the State House Complex violate the First and Fourteenth Amendments to the United States Constitution and Article I, Paragraph 6 of the New Jersey Constitution;

c. An award of compensatory damages against Defendants;

d. An award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq.; and

e. Granting such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

ZAZZALI, FAGELLA, NOWAK,
KLEINBAUM & FRIEDMAN
Attorneys for Plaintiff

By:   s/ Richard A. Friedman
      s/ Aileen M. O' Driscoll
      /s Flavio L. Komuves

Dated: June 21, 2011

103919.doc                                8

## VERIFICATION

I declare under penalty of perjury that the facts set forth in the foregoing complaint are true and correct and that Exhibits A, B, D and E hereto are true and correct copies. Executed on June 21, 2011 at Trenton, New Jersey.

*[signature]*
THOMAS FALOCCO

## **VERIFICATION**

I declare under penalty of perjury that Exhibit C to this Complaint is a true and correct copy. Executed on June 21, 2011 at Newark, New Jersey.

s/ Aileen M. O'Driscoll
AILEEN M. O'DRISCOLL
